## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

FELIP TEDTAOTAO MAFNAS,
DOB: 10/25/1967

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF062-11

DECISION AND ORDER
(Defendant's Motion to Suppress Evidence
& Motion in Limine)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 8, 2012, for a hearing on Felip Tedtaotao Mafnas' ("Defendant") Motion to Suppress and Motion in Limine. Assistant Public Defender Maria G. Fitzpatrick appeared on behalf of Defendant. Assistant Attorney General Brian D. Gallagher appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the Court hereby issues this Decision and Order.

## BACKGROUND

A Magistrate's Complaint was filed on February 5, 2011, charging Defendant on the following: (1) First Degree Criminal Sexual Conduct (As a 1st Degree Felony) and (2) Incest (As a Misdemeanor) (Six Counts). Magistrate's Compliant (Feb. 5, 2011). On that same day, Defendant appeared for a Magistrate's Hearing and was appointed counsel. The Magistrate

Court also set bail for Fifteen Thousand Dollars ($15,000) cash. Super. Ct. of Guam Minute Entry (Feb. 5, 2011). Subsequently, Defendant was indicted on February 15, 2011, on the following charges: (1) First Degree Criminal Sexual Conduct (As a 1st Degree Felony) (Three Counts) (2) Incest (As a Misdemeanor) (Four Counts) and (3) Child Abuse (As a 3rd Degree Felony) (Three Counts). Indictment (Feb. 11, 2011). On February 23, 2011, Defendant was arraigned where he plead not guilty and demanded a jury trial. Super. Ct. of Guam Minute Entry (Feb. 23, 2011). Defendant waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60 and the 6th Amendment. Assertion or Waiver of Speedy Trial & Request for a Jury of Twelve in Felony Case (Feb. 24, 2011). Defendant also requested a jury of twelve. Request for Jury of Twelve (Mar. 3, 2011).

The Court scheduled trial settings on April 27, 2011, June 6, 2011, August 1, 2011, and September 12, 2011. On November 1, 2011, the Court issued its Scheduling Order and set jury selection and trial date for February 27, 2011. Scheduling Order (Nov. 4, 2011). A hearing on all motions and pre-trial conference took place on February 20, 2012. Likewise, continued pre-trial conferences were held on February 22, 2012, and February 24, 2012. Defendant then filed a motion to dismiss counts 1, 2, and 3 of the Second Charge and all counts of the Third Charge of the indictment as beyond the statute of limitations. The Court heard Defendant's motion on February 27, 2012, and requested the Government to prepare the order to reflect the correct charges.

Defendant filed a Motion to Suppress Evidence on February 28, 2012. A Notice of Amended Motion to Suppress Evidence was filed with the Court on that same day. On March 1, 2012, Defendant filed a Motion in Limine re: 6 G.C.A. §401, §402, and §403. The People filed an Opposition to Defendant's Motion to Suppress Statements and Motion in Limine on

March 7, 2012. The Court heard Defendant's motions on March 8, 2012, and now issues this Decision and Order.

## DISCUSSION

### I. Motion to Suppress Evidence

Guam law provides that any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. A motion to suppress evidence shall be raised prior to trial. See 8 G.C.A. § 65.15 (c).

Defendant moves this Court to suppress statements given to police. Defendant contends that he was transported in a police car and was not free to leave. Furthermore, Defendant argues that he was questioned while in custody without being formally arrested and that officers violated local statute for his detention in excess of fifteen (15) minutes during a routine traffic stop. Def's Motion to Suppress Evidence at 4 (Feb. 28, 2012). Defendant argues that statements taken in violation of his fourth amendment rights and violation of 8 G.C.A. § 30.20 should be suppressed. Def's Reply in Support of Motion to Suppress at 2 (Mar 8, 2012). Correspondingly, the People filed an opposition arguing that Defendant "has not supplied any rational legal basis for [his] motion." People's Opposition to Def's Motion to Suppress Statements and Motion in Limine (Mar. 7, 2012).

### A. Defendant was not Arrested

An individual is in custody when he or she is 'taken into custody or otherwise deprived of his freedom of action in any significant way.' People v. Muritok, 2003 Guam 21 ¶ 12 (quoting Miranda v. Arizona, 384 U.S. at 444). The United States Supreme Court set forth two discrete inquiries to ascertain whether a person is in custody:

The first inquiry is, "what were the circumstances surrounding the interrogation." The second inquiry is "given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." After addressing the two inquiries, the court must then resolve the "ultimate inquiry," which is "[was] there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." People v. Farata, 2007 Guam 8 ¶ 23.

In addressing the first inquiry, Guam Police Department Officers J.I. Andrew and J.C. Mesa testified that while responding to a theft of property report on Chalan Fransico Juan Perez Street in Yigo, they noticed a Black Toyota Corolla parked away from other vacant parking stalls at the Yigo Mobil/McDonalds. Upon approaching the vehicle to identify themselves, officers noticed two individuals in the back seat. They illuminated the back seat with their flashlights and recognized a female not wearing any pants or panty. She was lying supine on the back seat with her legs spread. Likewise, Defendant was not wearing any pants or underwear and he was positioned between the female occupant's legs. Testimony of G.P.D. Officer J.C. Mesa, Transcript JDAASCRA (3/8/2012) at 2:54:56. Officers instructed Defendant and the other occupant to get dressed. Id. at 2:58:09. Thereafter, the officers asked for identification and noticed that Defendant and the female occupant shared the same last name. Id. at 2:58:22. The female occupant acknowledged that Defendant was her dad. Testimony of G.P.D. Officer J.I. Andrew, Transcript JDAASCRA (3/8/2012) at 2:27:50. In light of this information, Officer J.C. Mesa testified that "at that time it was just an inquiry." Testimony of Officer J.C. Mesa, Transcript JDAASCRA (3/8/2012) at 2:59:13. To follow up on their investigation, officers asked Defendant and the occupant, identified as Kayla Mafnas, to go to the Dededo Precinct Command. "We asked Felip (Defendant) if we could transport him to Dededo Precinct for further interview regarding this matter which he agreed to. We followed Kayla, who was operating said Corolla, to DPC. We arrived at DPC at about 8:10." Defendant's Exhibit A P.8

Defendant was transported to Dededo Precinct Command and was never handcuffed. The Fourth Amendment does not prevent a person from agreeing to accompany officers to the police station and remain there for interrogation. See In re Gilbert R., 25 Cal.App.4th 1121, 1126, Cal.Rptr.2d 676 (Cal. App. 1994) (no seizure where minor agreed to go to station for questioning). Hence, the argument that 8 G.C.A. § 80.20 was violated is moot, because Defendant consented to accompany officers to the Dededo Precinct Command. A person may consent to move to a different location for investigative purposes. See U.S. v. Garcia-Torres, 1 Fed.Appx. 294 (6th Cir. 2001) (holding that the defendant voluntarily consented to move from the initial investigative detention to a different location for further investigative purposes). The people must show, by a preponderance of the evidence through "clear and positive testimony," that any such consent was "unequivocally, specifically, and intelligently given, uncontaminated by any duress and coercion." U.S. v. Worley, 193 F.3d 380, 384 – 386 (6th Cir. 1999). In view of this, Defendant was never arrested between the time officers first came in contact with him and the time he was brought to the Dededo Precinct Command.

In considering the second inquiry as established in Farata, the Court reviews whether Defendant would have felt he was not at liberty to terminate the interrogation and leave. Defendant was free to leave between the time he was at the Dededo Precinct Command up to 9:14 p.m. As noted above, Defendant volunteered to accompany officers to the Dededo Precinct Command. "An arrest is made by an actual restraint of the person, or submission to the custody of the person making the arrest. The person arrested may be subjected to such restraint as is reasonable for his arrest and detention." 8 G.C.A. § 20.10. "An arrest may also occur despite the police having formally arrested the person or despite there being no physical restraint. People of Guam v. Cundiff, 2006 Guam 12 ¶ 21. "A person has been seized within the

meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident a reasonable person would have believed that he was not free to leave." Id. (quoting U.S. v. Mendenhall, 446 U.S. 544, 554 (1980)). The record is devoid of any indication that Defendant was not free to leave.

"The test for custody is an objective one: whether a reasonable person in [the same] position would have understood himself to be subjected to the restraints comparable to those associated with a formal arrest." U.S. v. Newton, 369 F.3d 659, 671 (2d Cir. 2004). Defendant failed to provide evidence to meet this test. There is no evidence of compulsion or curtailment of liberty. The Court concludes that officers requested Defendant to accompany them to the Dededo Precinct Command and Defendant decided to accompany Officers Andrew and Mesa to the Dededo Precinct. A reasonable person would not have believed that Defendant was neither free to leave. Therefore, Defendant was not arrested within the meaning of the Fourth Amendment when he agreed to accompany Officers Andrew and Mesa to the Dededo Precinct Command.

**B. Custodial Interrogation**

The Fifth Amendment privilege against self-incrimination prohibits the prosecution from using statements stemming from custodial interrogation of the defendant, unless it demonstrates the use of procedural safeguards to secure that privilege. Id. ¶ 24. With the case at bar, the record is devoid of any information provided by Defendant that statements were given to police other than a written statement he produced after signing the Guam Police Department's Custodial Interrogation Form. Custodial Interrogation Form, Exhibit 16 (3/8/12). On that account, Defendant acknowledged that he understood his rights and thus waived his rights. Id. It was after 9:14 p.m. that Defendant was under custodial interrogation. A Custodial

interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in a significant way. People v. Rasauo, 2011 Guam 1 ¶ 25. The Court does not see any violation against Defendant's rights because he signed the Custodial Interrogation Form before providing a written testimony.

Accordingly, the Court denies Defendant's Motion to Suppress Statements.

## II.    Motion Limine

Defendant also moves this Court in limine prior to the commencement of trial pursuant to 6 G.C.A. §§ 401, 402, and 403 to prevent the introduction of his statement made to police on or about February 4, 2011.  Defendant requests "that the Court order the government not to mention, refer to, or attempt to elicit in any manner, any opinions or conclusions regarding the Defendant's written statement.  The basis for this motion is that the statement is not relevant to the charges that are now before the [C]ourt."  Moreover, Defendant argues that the lack of probative value of the statement is clearly outweighed by the prejudice the statement would cause in the minds of the jury." Def's Motion in Limine re: 6 G.C.A. §§ 401, 402, 403 (Mar. 1, 2012).

The People oppose Defendant's Motion in Limine.  People's Opposition to Def's Motion to Suppress Statements and Motion in Limine (Mar. 7, 2012).

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. People v. Harvey, 211 Ill. 2d 368 (2004).  Authority to grant or deny a motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. State v. Zakovi, 110 P. 3d 469, 472 (2005).  A motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under

the rules of evidence; and (2) the mere offer of evidence or statements made during the trial concerning the material will tend to prejudice the jury. Hersick v. State, 904 So.2d 116, 127 (Miss. 2004).

Defendant cites to 6 G.C.A. §§ 401, 402, and 403. 6 G.C.A. § 401 provides the following:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination for the action more probable or less probable than it would be without the evidence.

6 G.C.A. § 401.

6 G.C.A. § 402 reads:

> All relevant evidence is admissible except as otherwise provided by the Constitution of the United States, by Act of the Guam Legislature, or by these Rules. Evidence which is not relevant is not admissible.

6 G.C.A. § 402.[1]

In citing the above Rules, Defendant argues that the issue in this case is whether or not he engaged in criminal sexual conduct, sexual penetration with a minor, at least fourteen (14) but less than sixteen (16) years of age. Defendant further contends that he is "unaware of any admissible evidence that [he] engaged in sexual intercourse with his daughter before her sixteenth birthday." Def's Motion in Limine re: 6 GCA §§ 401, 402, 403 (Mar. 1, 2012).

Guam law requires the People to prove every element of the crime beyond a reasonable doubt. People v. Palisoc, 2002 Guam 9 ¶ 12. In view of this, Guam Rules primarily defines "relevant" for the purposes of admissibility at trial. People v. Orallo, 2004 Guam 5 ¶ 18. In the instant case, the Court determines that Defendant's written statement has a tendency to make the

---

[1] The old rules of evidence were repealed by P.L. 28-138 on July 11, 2006. The 2006 Guam Rules of Evidence were adopted by the Supreme Court of Guam in Promulgation Order No. 06-001 on January 6, 2006. Rule 402 of the GRE now reads: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act of Guam, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority. Evidence which is not relevant is admissible."

existence of any fact that is of consequence to the determination for the action more probable or less probable than it would be without the evidence. At this stage, barring any law or rule to the contrary, the Court concludes that Defendant's statement is relevant. Defendant will still have an opportunity to make objections during the course of trial should this case proceed in that fashion.

Lastly, Defendant cites to 6 G.C.A. § 403, relative to the exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time, which provides:

> Although relevant, evidence may be excluded if its probative value is substantial outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

6 G.C.A. § 403.

"Defendant submits that the use of defendant's statement is unduly prejudicial towards the defendant." Def's Motion in Limine re: 6 GCA §§ 401, 402, 403 (Mar. 1, 2012). Defendant further argues that if the written statement is allowed to be used or referred to, the fact that the defendant admitted to having sexual intercourse with Kayla in her senior year of high school when she was 16 or 17, could lead to an improper decision of the jury based on their emotional reaction of seeing that the defendant did in fact admit to engaging in incest. Id.

Unfair prejudice as used in the rule authorizing the exclusion of relevant evidence on the grounds of unfair prejudice, is not satisfied by evidence that is merely adverse to the opposing party. Learmonth v. Sears, Roebuck & Co., 631 F.3d 724, 733 (5th Cir. 2011). In the instant case, the Court concludes that Defendant was neither intoxicated nor impermissibly coerced by threat into making his inculpatory statement to police officers. Defendant voluntarily provided a written statement after acknowledging his understanding of his rights and there was no indication that anyone would be improperly informed if he chose not to cooperate. See

Custodial Interrogation Form, Exhibit 16 (3/8/2012). While Defendant rests his argument under this rule on the basis of inflaming emotions of the jury, even assuming arguendo that Defendant claimed that cumulative evidence under the rule would be meritless, the rule does not prohibit the introduction of cumulative evidence; rather it merely permits courts to exclude cumulative evidence when it has little incremental value. U.S. v. Miguel, 87 Fed.Appx. 67 C.A.9 (Ariz) 2004.

Therefore, based on the following reasons, the Court denies Defendant's Motion in Limine.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Suppress Statements and Motion in Limine

**SO ORDERED** this _____9th_ day of ___April___, 2012.

This matter is set for a Pre-Trial Conference on April 16, 2012 at 2 p.m.


HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

APR 09 2012

Amando B. Quitoriano
Deputy Clerk, Superior Court of Guam